**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Florence Martha BEARDSLEE,
Defendant–Appellant.**

**United States of America, Plaintiff–
Appellant–Cross–Appellee,**

v.

**Florence Martha Beardslee, Defendant–
Appellee–Cross–Appellant.**

**Nos. 97–10286, 97–10314.**

United States Court of Appeals,
Ninth Circuit.

March 2, 2000.

Before: CHOY, CANBY, and SILVERMAN, Circuit Judges.

**ORDER AMENDING OPINION AND DENYING PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC**

The opinion filed on November 1, 1999 [197 F.3d 378] is hereby amended as follows:

1. Delete the third full paragraph at 197 F.3d at 383 (beginning "The district court did not abuse ..." ), including footnote 1, and substitute the following paragraph and new footnote 1:

> Beardslee contends that he was entitled to cross-examine Pierce about his probationary status under the rule of *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).[1] Even if we assume, without deciding, that the district court erred in precluding cross-examination of Pierce on that subject, any such error was harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall*, 475 U.S. 673, 682–83, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (*Davis* error in violation of confrontation clause is subject to harmless error analysis).

2. Delete the last paragraph at 197 F.3d at 383 (beginning "Accordingly, the district court ..."), and substitute the following:

> Accordingly, the error, if any, of the district court in precluding cross-examination regarding Pierce's probationary status was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

With the Opinion so amended, the panel, as constituted above, has voted unanimously to deny the petition for rehearing. Judge Silverman has voted to deny the petition for rehearing en banc, and Judges Choy and Canby have recommended the same.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35.

---

1. *Davis* was a considerably different case from Beardslee's. In *Davis*, the witness was a possible suspect in the crime for which Davis was being tried, and his testimony was crucial in identifying Davis as the perpetrator. *See Davis*, 415 U.S. at 317–318, 94 S.Ct. 1105. The witness had also denied ever having been interrogated by the police on prior occasions. *See id.* at 316, 94 S.Ct. 1105.

The petition for rehearing and the petition for rehearing en banc are hereby DENIED.