Stevon Wayne **SMALLWOOD,** Petitioner–Appellant,

v.

Gail **LEWIS,** Deputy Warden; Pleasant Valley State Prison, Respondents– Appellees.

No. 99–17534.

D.C. No. CV–99–01890–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

California State prisoner Stevon Wayne Smallwood appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for assault with a firearm. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. We review de novo the district court's denial of Smallwood's federal habeas petition, *Patterson v. Gomez,* 223 F.3d 959, 963 (9th Cir.2000), and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Smallwood contends his Sixth Amendment right to self-representation was violated by the trial court's refusal to consider his motion pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), unless it was in writing. Smallwood also contends the trial court erred by denying his request for access to the law library for the purpose of preparing his written *Faretta* motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we can reverse a state court decision denying relief only if that decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "Supreme Court need not have addressed a factually identical case[;] § 2254(d) only requires that the Supreme Court clearly determine the law." *Houston v. Roe*, 177 F.3d 901, 906 (9th Cir.1999). "[O]ur independent review of the legal question ... [must] leave[ ] us with a 'firm conviction' that one answer, the one rejected by the [state] court, was correct and the other, the application of the federal law that the court adopted, was erroneous-in other words that clear error occurred." *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

The State court here properly found that Smallwood failed to make an unequivocal assertion of his right to self-representation, which is required as such a right does not attach until asserted. *Sandoval v. Calderon*, 241 F.3d 765, 774 (9th Cir. 2000); *see also Hendricks v. Zenon*, 993 F.2d 664 669 (9th Cir.1993) ("It is well established in the Ninth Circuit [ ] that in order to invoke the Sixth Amendment right to self-representation, the request must be: (1) knowing and intelligent, and (2) unequivocal.").

Indeed, our review of the record belies Smallwood's contention otherwise. Moreover, Smallwood has failed to rebut by clear and convincing evidence the State court's findings that his request was not unequivocal and merely in response to the denial of his second *Marsden* motion. *See* 28 U.S.C. § 2254(e)(1).

Finally, although an incarcerated criminal defendant who chooses to represent himself has a constitutional right to access to law books or other tools to assist him in preparing a defense, there is nothing in the record before us to suggest either that the State acted or would have acted unconstitutionally in restricting or denying Smallwood such access, regardless of whether the trial court denied his request for access to the prison law library in order to prepare a written *Faretta* motion. *Bribiesca v. Galaza*, 215 F.3d 1015 1020 (9th Cir.2000).

Because the State court's decision was not clearly erroneous, the district court properly denied Smallwood's federal habeas petition. 28 U.S.C. § 2254(d)(1); *Van Tran*, 212 F.3d at 1153–54.

**AFFIRMED.**