Quintin MORRIS, Petitioner—Appellant,

v.

ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; Sylvia Garcia, Respondents—Appellees.

No. 00–56709.

D.C. No. CV–99–06991–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 22, 2002.

---

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

This is an appeal from a denial of a habeas petition. Quintin Morris ("Morris") challenges his state conviction for attempted murder. Morris contends that the conviction was not supported by sufficient evidence, that the state trial court's exclusion of demonstrative evidence deprived Morris of his right to present a complete defense, and that the California Court of Appeal's alleged misapplication of state law in Morris' state habeas proceedings violated his constitutional rights. The district court denied the habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

## I

We review de novo the district court's denial of habeas corpus relief. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir. 2000).

Federal district courts have jurisdiction to hear habeas petitions challenging the constitutionality of state convictions under 28 U.S.C. § 2254. Morris' petition was filed on July 8, 1999, and is therefore subject to the Antiterrorism and Effective Death Penalty Act of 1996 amendments to § 2254. *See Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

■ Although the final California decision on the merits was a summary denial by the California Supreme Court, we "look[ ] through" the summary denial to the last reasoned decision of the state by the California Court of Appeal. *See Ylst v. Nunnemaker,* 501 U.S. 797, 801–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

## II

■ In an insufficiency of evidence challenge to a state criminal conviction brought under § 2254, the petitioner is entitled to habeas relief if "it is found that upon the record evidence adduced at trial [that] no rational trier of fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We construe the record evidence in the light most favorable to the prosecution and "re-

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

spect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." *United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir.1987). Although we "normally must accept the jury's implicit determinations of credibility" concerning eyewitness testimony, we are "permitted to disregard inherently improbable testimony." *United States v. Ramos–Rascon*, 8 F.3d 704, 709 n. 3 (9th Cir.1993) (citations omitted).

■ Morris contends that Zaida Correa's ("Correa") testimony is inherently improbable and must be disregarded. He argues that if Correa's testimony is disregarded, the remaining evidence is insufficient to support Morris' conviction for attempted murder. We hold that Correa's testimony is not inherently improbable and that the evidence against Morris is sufficient to uphold his conviction.

Correa's identification testimony is not inherently improbable. Correa testified that she faced the gunman eight to twelve feet away. The area was lit by Correa's porch light, yellow halogen street lamps, and ambient lighting; the jury also made a nighttime visit to the scene of the shooting to observe the visibility at the scene. Correa testified that the nylon stocking the gunman wore did not distort his facial features, and that she was not so distressed that she could not make an accurate identification. Correa positively identified Morris at the field showup shortly after the shooting, at the live lineup ten weeks later, and at trial.

Other evidence corroborates Correa's identification. The gunman sped away in a light-colored Cadillac driven by another man; Morris was stopped while riding in a light-colored Cadillac driven by another man.[1] On the way to the field showup, Correa told a police officer that the gunman was a black man with slicked back hair who wore a black jacket with a red emblem. Morris roughly matched this physical description and wore a virtually identical jacket when he was arrested. At the showup, both Correa and Livan Cartaya identified the Cadillac in which Morris was riding as the gunman's car.

■ It is neither inherently improbable nor inconsistent with the laws of nature that Correa could accurately identify the gunman under the circumstances of the shooting. The trial evidence both corroborates and casts doubt upon Correa's testimony. After being given standard instructions regarding the factors to be evaluated in considering eyewitness identification, the jury obviously resolved the evidentiary conflicts in favor of the prosecution. The testimony of one eyewitness is sufficient to prove the identity of a perpetrator of a crime, even if that witness' testimony is contested. *United States v. Smith*, 563 F.2d 1361, 1363 (9th Cir.1977). Correa's testimony is sufficient to support Morris' conviction.

### III

■ Morris next argues that the state trial court's refusal to allow the nylon stocking demonstration deprived him of his due process right to present a complete defense. When proper deference is given to the state court's discretion to admit or exclude evidence, Morris' claim fails.

---

1. Morris argues that the fact that Correa identified the getaway vehicle as a white Cadillac and that Morris was stopped in a yellow Cadillac impeaches Correa's testimony. The street lamps on Filmore Street were yellow. The jury could infer that underneath yellow street lamps, a yellow car looks white.

A federal court may grant habeas relief for a state evidentiary error only if the petitioner can show that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted). "Wide latitude" is given to state judges to "exclude evidence that is repetitive ..., only marginally relevant or poses an undue risk of harassment, prejudice, [or] confusion of the issues." *Crane v. Kentucky*, 476 U.S. 683, 689–90, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (alterations in original) (internal quotation marks omitted). "Moreover, we have never questioned the power of States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability-even if the defendant would prefer to see that evidence admitted." *Id.* at 690, 106 S.Ct. 2142 (citing *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)).

The state court's exclusion of the stocking demonstration was not in error. Under California law, demonstration evidence is admissible only when "conducted under substantially similar conditions as those of the actual occurrence." *People v. Bonin*, 47 Cal.3d 808, 254 Cal.Rptr. 298, 765 P.2d 460, 482 (1989). Although the stocking demonstration would have been relevant to the jury in assessing the credibility of Correa's testimony, Morris did not attempt to lay a foundation for its admission. Morris introduced no evidence of the actual stocking's relevant characteristics, such as its elasticity, color or transparency. Unless the demonstration stocking was similar to the actual stocking worn by the gunman, the demonstration would have been of limited probative value and possibly misleading. In excluding the stocking demonstration, the trial court was within its "wide latitude" to exclude evidence that is only marginally relevant. *See Crane*, 476 U.S. at 489–90, 106 S.Ct. 2034.

## IV

The district court properly rejected Morris' argument that he is entitled to habeas relief due to the California Court of Appeal's alleged misapplication of state law. "[F]ederal habeas relief isn't available to redress alleged errors in state post-conviction proceedings." *Carriger v. Stewart*, 95 F.3d 755, 762 (9th Cir.1996), *vacated on other grounds*, 132 F.3d 463 (1997). A claim challenging state post-conviction proceedings does not represent an attack on the detention itself, but on a proceeding collateral to the detention. *Ortiz v. Stewart*, 149 F.3d 923, 941 (9th Cir. 1998).

## V

We recognize that at least two judges expressed doubts about Morris' guilt. The relevant inquiry before a federal court hearing a habeas claim from a petitioner in state custody, however, is not "whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt ... [but] whether ... *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 19, 99 S.Ct. 2612 (emphasis in original) (internal quotation marks and citation omitted). Federal habeas inquiry is limited to whether the petitioner received a trial that conformed with constitutional due process. *See id.* Morris' conviction was not obtained in violation of the Constitution and must be upheld.

AFFIRMED.