**Byron R. LEWIS, Petitioner–Appellant,**

v.

**Kenneth DUCHARME, Respondent–Appellee.**

No. 00–35011.

D.C. No. CV–97–00714–JE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2001.

Decided May 23, 2001.

Before MCKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Byron Lewis ("Lewis") seeks federal habeas relief from his conviction in Oregon eleven years ago for attempted first-degree assault. After that conviction, but before sentencing, Lewis was transferred to Washington to be sentenced for crimes committed in that state. For reasons that are disputed by the parties, Washington never returned Lewis to Oregon, and sent him instead to its own prison system to serve a thirty year sentence on his Washington conviction. Lewis has remained there for eleven years, never having been sentenced for his Oregon crimes. He appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, a decision which we review de novo. *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir. 2000). For the reasons stated below, we affirm.

Lewis' initial habeas petition was filed April 30, 1997, and is thus governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir.1999). Lewis has sought rulings on the merits of his constitutional claims from the Oregon courts.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Specifically, in a petition dated April 27, 1994, he asked the Oregon Supreme Court to issue a writ of mandamus to compel the Multnomah County Circuit Court to "dismiss defendant's charge and detainer ... for violations of Extradition Act, Speedy Trial, IAD, and Constitutional Due–Process." The Oregon Supreme Court denied this petition. Lewis petitioned the Court to reconsider its decision, which it did, but he was once again denied relief. Lewis has not argued that the Oregon Supreme Court's rulings do not constitute adjudications "on the merits" within the meaning of AEDPA. *See* 28 U.S.C. § 2254(d).

Lewis contends that his Oregon conviction should be vacated for three reasons. First, he claims that the transfers and time delays associated with his Oregon conviction violated provisions of the Interstate Agreement on Detainers ("IAD"). Second, he contends that the delay in his sentencing violates his Sixth Amendment right to a speedy trial. Third, he argues that the delay in his appeal of the Oregon conviction that has resulted from the sentencing delay violates due process.

At oral argument, Lewis' attorney conceded that none of the transfers in this case were accomplished through the use of detainers, and that the protections of the IAD were therefore inapplicable. Turning to the constitutional claims, we deny this habeas petition because the Oregon courts' decisions to deny relief did not violate "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Lewis has not cited any Supreme Court case (and we can find none) squarely holding that the Sixth Amendment's speedy trial guarantee extends to speedy sentencing. And while it is well established that a state must satisfy the requirements of due process in providing an appeal in a criminal case, *see Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956), Lewis has not alerted us to any Supreme Court case holding that excessive delay in an appeal violates due process. Accordingly, the Oregon courts did not violate Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d)(1) and Lewis' petition for habeas must fail.

AFFIRMED.