Donald Ray PATTERSON,
Petitioner–Appellant,

v.

Terry L. STEWART, Respondent–
Appellee.

No. 00–15034.

D.C. No. CV–98–01169–PGR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2001.

Decided May 30, 2001.

Before REINHARDT, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

■ Arizona state prisoner Donald Ray Patterson appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1990 jury conviction for two counts of sexual assault and one count each of kidnapping, aggravated assault and burglary in the second degree.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of a § 2254 petition de novo, *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir.2000), and we affirm.

Patterson contends that his trial counsel was ineffective for failing to file a motion to suppress his identification by the victim. He asserts that the victim's in-court identification was unreliable because it was tainted by her exposure to Patterson's postarrest photograph for another crime, her contact with various individuals who believed Patterson to be guilty of numerous other rapes and suggestive circumstances at a preliminary hearing identification.[2] He also contends his appellate counsel was ineffective for failing to raise the identification issue on appeal, and requests an evidentiary hearing before the district court in order to establish the facts he alleges would entitle him to relief.

In order to show ineffective assistance of counsel, Patterson must show: (1) that his counsel's representation fell below an objective standard of professionally reasonable conduct; and (2) that a "reasonable probability" exists that the deficient performance affected the outcome of his trial. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We need not discuss whether Patterson's trial counsel's performance fell below the objective standard of reasonableness because we conclude that, even if the identification was unnecessarily suggestive, no prejudice resulted from counsel's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In reviewing Patterson's petition, the district court determined that it was untimely. We reach the merits of Patterson's petition only after concluding, by published opinion, that it was timely.

2. Patterson contends the victim identified him at a preliminary hearing while he was dressed in jail garb, and after he had identified himself to the court by name. The record, however, does not support this version of events. The victim testified that she picked Patterson out of a group of 12 to 16 men, three or four of whom were white males.

failure to move for suppression. *Id.* at 697, 104 S.Ct. 2052 (holding court may consider prejudice first and avoid issue of attorney competence). To determine whether the failure to move for suppression was prejudicial, we must determine if such a motion had a reasonable probability of success.

 An identification may be suppressed as unreliable if "the procedure for identification was so 'unnecessarily suggestive and conducive to irreparable misidentification' as to amount to a denial of due process of law." *United States v. Williams,* 436 F.2d 1166, 1168–69 (9th Cir. 1970), *quoting Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). We test the reliability of in-court identifications through the five-part *Biggers* test, evaluating: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. 188, 200–01, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

 Here, all of the factors but one indicate that the victim's identification of Patterson was reliable. First, the victim testified that she got a good look at her attacker's face during the 45–minute attack. Second, she testified that she made a conscious effort to focus her attention on his appearance.

Third, the victim accurately described Patterson in terms of age, height, facial shape and facial hair after the incident. While it is true that she also ascribed to her attacker gold moustache highlights and a bare chest (traits which Patterson contends he does not possess), we conclude that the victim's post-attack description was, on balance, a relatively accurate description of Patterson's appearance and, thus, supports the reliability of her identification.[3] Finally, the victim was very certain that she had correctly identified Patterson as her attacker.

The only *Biggers* factor that cuts against the reliability of the victim's identification in this case is the passage of time between the incident and the confrontation: here, six years passed between the attack and the identification. An identification may be sufficiently reliable despite the passage of a significant amount of time, however, if other factors demonstrate reliability. *See United States v. Hill,* 967 F.2d 226, 233 (6th Cir.1992) (holding in-court identification reliable despite five-year interval in between crime and identification).

Given that four of the five *Biggers* factors support the reliability of the victim's identification, we conclude it is not reasonably probable that the trial court would have excluded the victim's identification as unreliable. Mere weakness or doubts about the validity of an identification are

---

**3.** Patterson also contends that the victim's description inaccurately included the fact that he was apparently right-handed, had a sexually transmittable "ameoba" and a pointy nose. The victim herself did not ascribe right-handedness to Patterson; rather, she merely indicated that he used his right hand to hold the knife. Similarly, the victim did not include in her post-incident description of Patterson an assertion that he carried a sexually transmittable ameoba. Thus, these two traits are ex-

trinsic to an evaluation of the accuracy of her post-incident description of her attacker. With regard to the allegedly inaccurate description of Patterson's nose as "pointy," the record indicates that this characterization was rendered at trial, but was not a part of the victim's post-incident description. Further, although the accuracy of the victim's description of his nose was argued before the district court, Patterson does not press this issue on appeal.

not sufficient to warrant suppression: "[j]uries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature." *Manson v. Brathwaite*, 432 U.S. 98, 116; 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). After reviewing the allegedly suggestive influences and assessing the reliability of the victim's identification, we are confident that the trial court would have concluded that cross-examination was the proper tool by which to mitigate possible infirmities in the identification, not suppression. Thus, Patterson cannot show a reasonable probability that the result of his trial would have been different had counsel moved to suppress the identification. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Because Patterson's trial counsel was not ineffective for failing to move to suppress the identification, we also conclude that Patterson's appellate counsel was not ineffective for failing to pursue this issue on appeal. Further, assuming, without deciding, that Patterson diligently pursued an evidentiary hearing in state court, he is nonetheless not entitled to an evidentiary hearing because he has not alleged facts that, if proven, would entitle him to relief. *Jones v. Wood,* 114 F.3d 1002, 1010 (9th Cir.1997).

The district court's denial of Patterson's petition for writ of habeas corpus is AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

I would hold that the allegations in Patterson's petition—which, in the absence of any factfinding in either state or federal court, we are required to accept as true— raise a colorable claim that trial counsel rendered ineffective assistance by failing

to move to suppress the victim's identification testimony, and that Patterson was prejudiced by that failure. I would only add that I can conceive of no possible tactical or strategic reason for counsel's failure, and that his deficient performance constituted a disservice both to his client and to our system of justice. Having carefully reviewed the record, I am far less sanguine than my colleagues as to whether Patterson was prejudiced by his counsel's ineffectiveness. Accordingly, I would remand for an evidentiary hearing on Patterson's ineffectiveness claim.