**John B. HAWKINS, Petitioner–Appellant,**

v.

**B.J. BUNNELL, Warden; James Rowland, Director; Attorney General of the State of California, Respondents–Appellees.**

**No. 99–56283.**
**D.C. No. CV 98–7618–HLH(CT).**

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2001 *.

Decided July 30, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Petitioner John B. Hawkins appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and § 2253(a), and we affirm.

We review de novo the district court's decision to deny a habeas petition. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "we may reverse a state court's decision denying relief only if that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

decision is 'contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.'" *Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.) (quoting 28 U.S.C. § 2254(d)(1)), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000). We have interpreted an "unreasonable application" to be a "firm conviction" that "clear error occurred." *Id.* at 1153–54.

Hawkins contends that the state court violated his right under the Sixth Amendment to confront witnesses testifying against him by admitting into evidence out-of-court statements by co-conspirator Dr. Boggs that he alleges were not in furtherance of the conspiracy. The Supreme Court has held that evidence of a statement that satisfies the requirements for admission under the federal co-conspirator exception to the hearsay rule, Fed. R.Evid. 802(d)(2)(E), will not violate a defendant's right under the Confrontation Clause of the Sixth Amendment. *See Bourjaily v. United States,* 483 U.S. 171, 182, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Rule 802(d)(2)(E) requires that the government establish by a preponderance of the evidence that (1) a conspiracy existed at the time the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy. *United States v. Bowman,* 215 F.3d 951, 960–61 (9th Cir.2000).[1]

Hawkins concedes that Dr. Boggs' statements satisfy elements (1) and (2), but he argues that there was insufficient evidence to conclude that the statements were made in furtherance of the conspiracy. To be "in furtherance" of the conspiracy, the statements "'must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy.'" *Bowman,* 215 F.3d at 961 (quoting *United States v. Yarbrough,* 852 F.2d 1522, 1535 (9th Cir. 1988)). Mere narrations of past events are insufficient. *Id.* "Statements which serve a necessary part of a conspiracy by concealing it or impeding an investigation are admissible as statements made during and in furtherance of the conspiracy." *United States v. Blakey,* 960 F.2d 996, 998 (11th Cir.1992).

At issue here are Dr. Boggs' statements to a detective denying culpability in the reported stun gun encounter with Barry Pomeroy. The California Court of Appeal held that "[t]he trial judge reasonably could have concluded the statements were made by Dr. Boggs in an effort to conceal the ongoing conspiracy to defraud the various insurance companies." Certainly, Dr. Boggs would have exposed the conspiracy had he told the detective that he had stunned Pomeroy in an unsuccessful attempt to immobilize him so that he could then suffocate him and use his body as a corpse for the insurance fraud scheme.

Hawkins contends, however, that this theory is mere speculation by the prosecution and not supported by the record. The evidence suggests otherwise. Brent Salmon testified that Dr. Boggs had purchased six stun guns and that the use of a stun gun could immobilize a man for several minutes. Dr. Baden testified that the decedent Greene died from lack of oxygen that could have resulted from strangulation after the decedent was immobilized with a stun gun. Finally, Dr. Boggs' inconsistent statements to paramedics and police and the absence of evidence that CPR was attempted call into doubt the contention that the decedent died of natu-

1. The co-conspirator exception to the hearsay rule under California law, Cal. Evid.Code § 1223, has substantially similar requirements. *See* Witkin, Cal. Evidence, Hearsay § 132 (4th ed.2000).

ral causes. This evidence, when combined with Dr. Boggs' use of a stun gun against Pomeroy, supports the prosecution's theory that Dr. Boggs immobilized his victim by means of a stun gun. We therefore cannot say that the California Court of Appeal clearly erred by concluding that Dr. Boggs' denial that he deliberately attacked Pomeroy with a stun gun was necessary to, and in furtherance of, the conspiracy to commit insurance fraud.

AFFIRMED.