**Thomas John MARSTON,
Petitioner–Appellant,**

v.

**Theo WHITE, Warden, Respondent–
Appellee.**

No. 00–15904.

D.C. No. CV–96–04637–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2001.

Decided Aug. 30, 2001.

---

Before POLITZ,* KOZINSKI, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM **

Under the Antiterrorism and Effective Death Penalty Act of 1996, we may not grant a petition for writ of habeas corpus unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d) (West Supp.2001). We review a denial of habeas corpus de novo. *See Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000).

■ Marston bases his first claim for habeas relief on prosecutorial misconduct. A prosecutor's misconduct violates a defendant's constitutional rights only if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Payton v. Woodford,* 258 F.3d 905, ——, ——, slip op. 9709, 9720 (9th Cir.2001). Marston argues that three statements by the prosecutor constitute misconduct. But Marston objected to only one of these at trial. That statement was not misconduct, because the prosecutor merely reiterated her belief that her first degree murder case was strong and she did not refer to inadmissible evidence. Assuming without deciding that the district court was correct to reach the question of whether the remaining two statements were misconduct, we agree with the district court that those statements did not prejudice Marston sufficiently to make his conviction a denial of due process.

■ Marston bases his second claim for habeas relief on juror misconduct. Juror misconduct is a constitutional violation when "the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *Anderson v. Calderon,* 232 F.3d 1053, 1098 (9th Cir.2000). Marston has the burden of showing that internal juror misconduct prejudiced him. *See United States v. Dutkel,* 192 F.3d 893, 895 (9th Cir.1999). We presume that the state court's finding that Marston was not prejudiced by the juror misconduct was correct. *See* 28 U.S.C.A. § 2254(e)(1) (West Supp.2001). Marston fails to present clear and convincing evidence rebutting that presumption.

**AFFIRMED.**

■

---

* The Honorable Henry A. Politz, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.