James Edward BARRAZA, Petitioner–Appellant,

v.

Terry STEWART, Director, Respondent–Appellee.

No. 00–16313.

D.C. No. CV–99–01983–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Arizona prisoner James Edward Barraza appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, which

** This disposition is not appropriate for publication and may not be cited to or by the

challenged his convictions for three counts of armed robbery and one count of aggravated assault. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo the district court's denial of Barraza's petition for a writ of habeas corpus, *see Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000), and we find no error. Barraza contends his trial counsel provided ineffective assistance with respect to the pretrial identification procedure. To establish ineffective assistance, the Barraza must prove: (1) counsel's performance fell below an objective standard of reasonableness; and (2) prejudice resulted. *See Strickland v. Washington,* 466 U.S. 668, 688–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Barraza has failed to demonstrate that counsel's performance was deficient. Counsel interviewed the witnesses while reconsideration of Barraza's *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (Ariz. 1969) motion, which challenged the proposed in-court identification, was pending in the trial court. At trial, counsel cross-examined the victims about the photographic lineup that was used; counsel also extensively cross-examined the investigating officer about the photographic lineup. As such, counsel's investigation into the photographic lineup was reasonable. *See Strickland,* 466 U.S. at 688–91.

■ Barraza has also failed to demonstrate prejudice from the use of the photographic lineup. "[C]onvictions based on eyewitnesses identification at trial following a pretrial identification by photograph will be set aside only if the photographic procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

(citing *Stovall v. Denno,* 388 U.S. 293, 301–02, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)). Whether an identification is impermissibly suggestive is evaluated under a totality of the circumstances. *Neil v. Biggers,* 409 U.S. 188, 199–201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) (citing criteria).

Given the victims' opportunity to view Barraza at the time of the robberies, their degree of attention, the accuracy of their descriptions of Barraza, their level of certainty at trial, and the comparatively brief time between the robberies and Barraza's trial, the record before us reveals the use of the photographic lineup was not impermissibly suggestive.

Accordingly, Barraza has failed to demonstrate either counsel's deficient performance or the resulting prejudice.

**AFFIRMED.**[1]

---

1. Barraza's renewed motion to appoint counsel is denied.

