Anthony Lamont VINCENT, Plaintiff–Appellant,

v.

Terry L. STEWART, Defendant–Appellee.

No. 02–16393.

D.C. No. CV–01–00243–SRB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We decline to address issues outside the scope of the certificate of appealability. *See*

**MEMORANDUM** **

Anthony Lamont Vincent, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his guilty plea convictions for the transportation of controlled substances for sale. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000), we affirm.

The district court granted a certificate of appealability on whether Vincent's trial counsel was ineffective by failing to accept the initial plea offer made and subsequently withdrawn by the district attorney, and by failing to obtain the grand jury transcripts which allegedly would have shown misconduct on the part of the district attorney and may have brought exculpatory evidence to light.[1] We are not persuaded. Vincent has failed to present evidence demonstrating his trial counsel's performance was deficient, or that he was prejudiced by the alleged errors. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Accordingly, the district court properly denied Vincent's § 2254 petition because the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d); *Weighall v. Middle,* 215 F.3d 1058, 1063 (9th Cir.2000)

**AFFIRMED.[2]**

---

*Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999).

2. Because Vincent has failed to allege any grounds warranting habeas corpus relief, his request for counsel is denied.