Paul Dominic BOCANEGRA,
Petitioner—Appellant,

v.

Robert AYERS, Warden, Respondent—
Appellee.

No. 02–15976.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 21, 2003.

Decided April 29, 2003.

Before: LEAVY, RYMER, and PAEZ,
Circuit Judges.

MEMORANDUM *

Paul Bocanegra was convicted of first-degree murder with the special circumstance of lying in wait after a fellow passenger in the car in which he was riding shot and killed another young man. After exhausting his state court remedies he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court entered judgment for the state. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

As a threshold matter, we deny Bocanegra's request that we broaden the certificate of appealability ("COA") to include claims for which the district court refused to grant a COA. Ninth Circuit Rule 22–

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1(d) governs a petitioner's recourse when a district court denies a certificate of appealability in part: "Petitioners desiring broader certification must file, in the court of appeals, a separate motion for broader certification . . . within 35 days of the district court's entry of its order denying a certificate of appealability." Circuit Rule 22–1(d); *see also United States v. Christakis,* 238 F.3d 1164, 1168 n. 5 (9th Cir. 2001). Bocanegra's attorney did not file a separate motion and did not comply with the time limit set forth in the rule. He cannot now request that the COA be broadened, and we cannot consider the additional issues raised. *Hiivala v. Wood,* 195 F.3d 1098, 1102–03 (9th Cir.1999).

Thus, we consider the three issues that are properly presented: 1) the sufficiency of the evidence of intent to kill; 2) the sufficiency of the evidence of lying in wait as a special circumstance or as a basis for first-degree murder; and 3) the constitutionality under the Eighth Amendment of Bocanegra's sentence of life without possibility of parole. Because the parties are familiar with the facts, we discuss them only insofar as necessary to reach our decision. Bocanegra's petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996) ("AEDPA"). Although our review of the district court's decision to deny Bocanegra's petition for writ of habeas corpus is *de novo, Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000), under AEDPA a petition

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "The highest state court to have discussed these claims . . . was the California Court of Appeal, so we consider its determination." *Greene v. Henry,* 302 F.3d 1067, 1070–71 (9th Cir. 2002).

The California Court of Appeal's conclusion that substantial evidence supported the finding of intent to kill was neither contrary to nor an unreasonable application of federal law. The line of California cases applied by the court employs the same standard for analyzing sufficiency-of-the-evidence claims as that established by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 321, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Viewed in the light most favorable to the prosecution, as required by *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781, the evidence against Bocanegra showed: 1) Bocanegra knew that the actual killer had a gun three days before the killing; 2) Bocanegra and the other occupants of the car had been hassling the victim at school; 3) Bocanegra behaved aggressively at a party attended by the victim a few days before the killing, aiming a loaded gun at point-blank range at a woman's head and shouting threats at the party guests; 4) Bocanegra participated in giving the victim the provocative and aggressive looks known as "mad dogging" in the moments before his death; 5) Bocanegra was in the car when the drive-by shooting took place, and was seen talking and laughing with the actual killer in the moments before the shooting; and 6) the driver of the car in which Bocanegra and the killer were riding carefully aligned the

two cars so that the killer's position was adjacent to that of the victim, and maintained the car there while the killer fired eight shots at the victim. In light of our limited review under AEDPA, we cannot say that the state court of appeal's conclusion that this evidence was sufficient to permit a rational trier of facts to find intent to kill beyond a reasonable doubt involved an unreasonable application of the *Jackson* standard.

Bocanegra also argues that the evidence was insufficient to enable a jury to find beyond a reasonable doubt that lying in wait was present, either as a basis for first-degree murder or as a special circumstance. Under California law, three factors comprise the test for lying in wait: "(1) a concealment of purpose, (2) a substantial period of watching and waiting for an opportune time to act, and (3) immediately thereafter, a surprise attack on an unsuspecting victim from a position of advantage." *People v. Hillhouse,* 27 Cal.4th 469, 500, 117 Cal.Rptr.2d 45, 40 P.3d 754 (Cal.2002); *see also People v. Morales,* 48 Cal.3d 527, 557, 257 Cal.Rptr. 64, 770 P.2d 244 (Cal.1989). The California Supreme Court has interpreted these factors very expansively. To qualify, the killer need not be physically concealed, but must only conceal his or her intent to kill, *Morales,* 48 Cal.3d at 555, 257 Cal.Rptr. 64, 770 P.2d 244; no minimum period of time is necessary to constitute the "substantial period of watching and waiting," *People v. Ceja,* 4 Cal.4th 1134, 1139, 17 Cal.Rptr.2d 375, 847 P.2d 55 (Cal.1993); no actual watching need occur, *People v. Sims,* 5 Cal.4th 405, 20 Cal.Rptr.2d 537, 853 P.2d 992 (Cal. 1993); and a position of advantage appears to be found in any physical or mental position that allows a murder to take place, *see, e.g., Ceja,* 4 Cal.4th at 1143–44, 17 Cal.Rptr.2d 375, 847 P.2d 55. Despite the open hostility evidenced by the occupants of both cars and the victim's passengers'

awareness that a shooting might well occur, the state court of appeal did not err in finding that under California law there was substantial evidence of lying in wait based upon the action of following the victim's car and the fact that Robledo did not reveal the gun until immediately before he began shooting.

■ Finally, Bocanegra contends that he was sentenced to life in prison without possibility of parole merely for riding in the front seat of a car when a murder took place. However, his sentence reflects the jury's determination that he committed first-degree murder with the special circumstance of lying in wait. Although the Supreme Court has recognized that the Eighth Amendment requires proportionality between a crime and a sentence, it has noted that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm,* 463 U.S. 277, 289, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (alterations in original). Condemning an individual to spend his entire life in prison without the possibility of parole due to actions taken during his teenage years is a severe punishment indeed. However, it is not contrary to the Eighth Amendment as the Supreme Court has explicated it.

AFFIRMED.