Salvador A. MENDOZA, Petitioner—
Appellant,

v.

Ernest C. ROE, Warden; et al.,
Respondents—Appellees.

No. 01–55560.

D.C. No. CV–98–09492–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2003.*

Decided Sept. 26, 2003.

Jerry D. Whatley, Santa Barbara, CA, for Petitioner–Appellant.

Pamela A. Ratner, Scott C. Taylor, AGCA–Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM **

Salvador Mendoza appeals the district court's denial of his petition for a writ of habeas corpus. He argues that his constitutional rights were violated when the state trial court removed a juror for failure to follow jury instructions and denied his motion for juror information and a new

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trial. We review *de novo* the district court's decision to deny a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir.2000). We affirm.

The scope of our review is quite narrow in the wake of the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996) ("AEDPA").[1] Under AEDPA, a habeas petition shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Bribiesca*, 215 F.3d at 1018. In evaluating a habeas claim, "we look to the state's last reasoned decision ... as the basis for its judgment." *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir.2002), *petition for cert. filed*, 71 U.S.L.W. 3416 (U.S. Nov. 26, 2002) (No. 02–855). Here, "[t]he highest state court to have discussed these claims of ineffective assistance was the California Court of Appeal, so we consider its determination." *Greene v. Henry*, 302 F.3d 1067, 1070–71 (9th Cir.2002).

1. Mendoza filed his habeas petition after April 24, 1996, AEDPA's effective date, and thus this petition is governed by 28 U.S.C. § 2254, as amended by AEDPA. *Garvin v. Farmon*, 258 F.3d 951, 954 (9th Cir.2001).

The question of a juror's fitness to carry out his or her duty is one of fact. *See Wainwright v. Witt*, 469 U.S. 412, 429, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). Although the state court's decision to remove the lone holdout juror is troubling, we cannot say that the determination that the juror was not following the trial court's instruction was an unreasonable determination of the facts in light of the evidence before the state court. Moreover, because the motion for a new trial was dependent upon a finding of impropriety with regard to the dismissal of the juror, this claim also fails. Finally, the denial of the motion for juror information is a matter of state law, and thus forms no basis for relief on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

AFFIRMED.