**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD A. NOVELO, | No. 09-56496 |
| Petitioner - Appellee, | D.C. No. 2:06-cv-02544-CJC-VBK |
| v. | |
| JAMES A. YATES, Warden Pleasant Valley State Prison, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 4, 2011
Pasadena, California

Before: REINHARDT, WARDLAW, and BERZON, Circuit Judges.

Warden James A. Yates appeals the district court's order (1) granting habeas

relief on Edward A. Novelo's juror misconduct claim based on the state court's

unreasonable determination of the facts; and (2) requiring the state trial court to

provide Novelo with a constitutionally adequate hearing to address his allegation

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of juror bias. The district court adopted the Magistrate Judge's conclusion that due process considerations mandated a constitutionally adequate hearing on the claimed misconduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to grant or deny a habeas petition de novo. *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas corpus relief is available if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Because the California Supreme Court denied Novelo's petition for review in an unexplained order, we evaluate the decision of the California Court of Appeal, which is the last reasoned state court decision. *Doody v. Ryan*, --- F.3d ----, 2011 WL 1663551, at *12 (9th Cir. May 3, 2011) (en banc).

When a petitioner challenges a state court's factual findings based entirely on evidence in the state record, habeas relief is warranted only if "any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). Although this is a "daunting standard," *id*., it can be met when the state courts "plainly misapprehend or misstate the record in making their

2

findings, and the misapprehension goes to a material factual issue that is central to the petitioner's claim," *id.* at 1001, or where "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim," *id.* (citing *Miller-El v. Cockrell*, 537 U.S. 322, 346 (2003)). In addition "[t]o fatally undermine the state fact-finding process, and [to] render the resulting finding unreasonable, the overlooked or ignored evidence must be highly probative and central to petitioner's claim." *Id.*

Novelo's counsel brought a timely motion for a new trial based on alleged juror bias. The accompanying declaration from Jay Gardner, a person who attended closing arguments in the trial, stated that before closing arguments had begun, on December 11, 2001, one of the jurors had told Gardner that "[t]his case is easy. I saw it in the paper. It's an open and shut case." At the hearing on Novelo's motion for a new trial, the trial court accepted Gardner's declaration as an offer of proof and reviewed a set of representative newspaper articles provided by Novelo's counsel.[1] However, the court did not take any further evidence on the allegation of juror bias, concluding that Novelo had not presented strong enough evidence of prejudicial misconduct. The court's ruling was directly tied to its finding that a December 12, 2001 newspaper article, the only article submitted to

---

[1] These newspaper articles are not in the record of the state proceedings.

3

the court that was published during Novelo's trial, did not contain prejudicial material. Novelo's counsel's statement that one of the articles "calls Mr. Novelo a serial rapist" was uncontested, and the trial court found that the four newspaper articles published before the trial were "certainly stronger and more prejudicial in the headlines, and in the text and the quotations." Nonetheless, the court based its ruling solely on its evaluation of the December 12 article. The California Court of Appeal subsequently affirmed the trial court's conclusion that Novelo had not presented sufficient evidence of prejudice because the December 12, 2001 article relied upon by the trial court "was an accurate portrayal of the evidence offered at trial."

The Sixth Amendment requires that jurors in a criminal case base their verdict solely on the evidence presented at trial. *See Turner v. Louisiana*, 379 U.S. 466, 472-73 (1965).[2] In *Smith v. Phillips*, 455 U.S. 209, 215 (1982), the Supreme Court observed that "[t]his Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." The *Smith* Court went on to hold that "[d]ue process means a jury capable and willing to decide the case solely on the evidence before it, and a trial

---

[2]This due process right applies equally to criminal defendants tried in state court. *Smith v. Phillips*, 455 U.S. 209, 218 (1982).

4

judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Id.* at 217.

Although we clarified in *Dyer v. Calderon,* 151 F.3d 970 (9th Cir. 1998), that due process does not mandate a formal evidentiary hearing whenever juror bias is alleged, we held that

> [a] court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances. An informal in camera hearing may be adequate for this purpose; due process requires only that all parties be represented, and that the investigation be reasonably calculated to resolve the doubts raised about the juror's impartiality.

*Id.* at 974-75 (citations omitted).

The state trial court did not take any additional evidence, nor did it allow testimony on Novelo's juror misconduct claim, from either Gardner or the allegedly biased juror, because it concluded that the December 12, 2001 newspaper article was non-prejudicial. However, Gardner's declaration states that his conversation with the juror occurred on December 11, 2001,[3] and the record evidence establishes that the conversation could not have occurred on December

---

[3] In fact, based on Gardner's description of what occurred on that day in court, the state trial transcript strongly suggests that the conversation may have actually occurred on December 10, 2001–two days before publication of the article that convinced the trial court that the newspaper coverage did not improperly influence the juror.

12.[4] Thus, the juror's comment that she saw the case in the paper could not possibly have referred to the December 12 newspaper article, an article that had yet to be published. Moreover, the trial court acknowledged that earlier newspaper articles discussing the case, ones that the juror could have read, contained "stronger and more prejudicial" statements. But the trial court refused to grant an evidentiary hearing because of its conclusion that the juror's statement referred to the non-prejudicial December 12 article. The California Court of Appeal decision affirmed the state trial court's conclusion that the December 12 article did not contain prejudicial material and that there was thus no showing that the juror's expression of her opinion was in and of itself prejudicial.

Given that the state court's finding of no prejudice was premised on its erroneous assumption that the juror was referring to an article that had yet to be published, we conclude that the California Court of Appeal's decision was based on an unreasonable determination of the facts in light of the state court record.

---

[4] Closing arguments concluded on December 11 at 2:09 PM, at which point the jury began its deliberations. Given that Gardner averred that his conversation with the juror occurred during the lunch recess that directly followed the trial court's discussion of proposed jury instructions, the conversation could not possibly have occurred on December 12. The trial court did not discuss proposed jury instructions on the 12th. Moreover, Gardner's declaration indicates that he attended the trial to observe closing arguments, and closing arguments began on the 10th, and were completed on the 11th.

*See, e.g. Wiggins v. Smith*, 539 U.S. 510, 528 (2003) (holding that the state court's assumption that defense counsel learned about the defendant's childhood sexual abuse by reviewing records that did not discuss the abuse was an unreasonable determination of the facts in light of the state court record). The trial court misapprehended and misstated the record in concluding that the juror's statement related to a newspaper article that did not exist when the statement was made. *See Taylor*, 366 F.3d at 1001.

Novelo was denied the opportunity to investigate the juror's actual bias because he was unable to question the juror about her statement, and was thus unable to show which prejudicial newspaper articles, if any, the juror had read. *See Smith*, 455 U.S. at 217 n.7 (noting that determinations made during hearings on alleged juror bias "will frequently turn upon testimony of the juror in question"). As the district court found, the Gardner declaration suggested that Juror Number 12 read the newspaper articles the state trial court did find prejudicial; harbored a bias against Novelo as a result; lied during jury voir dire; and admitted this misconduct to Gardner. As the district court observed, there are reasons Gardner may not be credible. But his credibility could only be assessed after a hearing in which all of the facts were developed. Instead, the state courts' decisions assumed

7

that Gardner was telling the truth, and because the state judge refused to hold a hearing, Gardner's credibility has not been resolved.

In short, we must disregard the trial court's unreasonable factual determination that the juror had read only the as yet unpublished December 12th article. We therefore agree with the district court that Novelo presented sufficient evidence of juror bias to warrant a due process hearing because the state court's misapprehension of the record "goes to a material factual issue that is central to petitioner's claim." *Taylor*, 366 F.3d at 1001.

**AFFIRMED.**