**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



RAUL MALDONADO,

              Petitioner-Appellant,

    v.

R.J. SUBIA, Warden,

              Respondent-Appellee.

No. 12-55640

D.C. No. 2:07-cv-01110-GW-FMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 11, 2013[**]
Pasadena, California

Before: TASHIMA and BYBEE, Circuit Judges, and BENCIVENGO, District
Judge.[***]

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

      [***]      The Honorable Cathy Ann Bencivengo, District Judge for the U.S.
District Court for the Southern District of California, sitting by designation.

Raul Maldonado, a state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his jury conviction of murder with a handgun for the benefit of a criminal street gang. Maldonado contends that, in making certain custodial statements, he did not knowingly, intelligently, and voluntarily waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Maldonado also seeks to expand the certificate of appealability ("COA") to address his claim that he did not reinitiate contact after invoking his right to counsel. The facts are known to the parties. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm the district court's dismissal and decline to expand the COA.

We review the decision to deny Maldonado's petition for writ of habeas corpus under 28 U.S.C. § 2254 de novo. *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir. 2000). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition will not be granted with respect to any claim adjudicated on the merits in a state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1) "if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Maldonado's appeal raises the unreasonable application of clearly established Federal law exception for habeas relief. He contends that a reasonable application of *Miranda* to the facts adduced at trial should result in a reversal of the California Court of Appeal's determination that his waiver of counsel at the police station was knowing, voluntary, and intelligent. We conclude this argument lacks merit under AEDPA's deferential standard of review. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (habeas relief precluded under the Federal law exception "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision").

To be valid, Maldonado's waiver of *Miranda* rights must have been knowing, intelligent, and voluntary, based on the "totality of the circumstances." *Edwards v. Arizona*, 451 U.S. 477, 486 n.9 (1981); *Miranda*, 384 U.S. at 479. Because Maldonado was 17 years old at the time, the court's inquiry must include "evaluation of the juvenile's age, experience, education, background, and

3

intelligence, and into whether he has the capacity to understand the warnings given him . . . ." *Fare v. Michael C.*, 442 U.S. 707, 725 (1979).

Maldonado contends that his *Miranda* waiver was the product of coercion. The California Court of Appeal analyzed the factual record and found that Maldonado's statements at the police station before his confession showed that he understood his rights, he "agreed they did not threaten or coerce him in any way," no *quid pro quo* promise related to his waiver existed, and that, despite the police's earlier error of discussing the case immediately after he invoked his right to counsel at the juvenile detention facility, the totality of the circumstances showed he subsequently and voluntarily reinitiated contact before voluntarily waiving his *Miranda* rights. These findings were objectively reasonable.

For example, the record supports the California Court of Appeal's factual finding that the detectives did not make a *quid pro quo* promise with Maldonado. Detectives offered to make arrangements for Maldonado to see his mother, but it was not until after that offer that Maldonado volunteered to speak about the shooting. The detectives did not invite such a response. Further, fairminded jurists could reasonably find that, under the circumstances here, the detectives did not and should not be expected to foresee that their "promise" would cause Maldonado to reinitiate communications about the shooting.

4

Also supporting the Court of Appeal's finding that the waiver was knowing, intelligent, and voluntary are the facts showing that, in response to Maldonado's unsolicited offer to make a statement about the shooting, the detectives demonstrated caution and did not disregard Maldonado's earlier request for counsel. The detectives told Maldonado that they could not talk to him about the case because he had already invoked his right to an attorney. Again, Maldonado responded that he would "tell the truth of what happened that day, even without an attorney." At the police station, Maldonado confirmed that, during the car ride over to the station, he stated that he "wanted to talk" without an attorney. Before obtaining Maldonado's confession, the detectives again advised him of his *Miranda* rights and confirmed that his waiver was knowing, intelligent, and voluntary.

Maldonado contends that the promise to arrange for a visit from his mother is especially important to this court's totality of the circumstances analysis given his youth, his emotional condition, and his purported understanding that his waiver of the right to counsel was made in exchange for a visit with his mother. However, the California Court of Appeal did consider Maldonado's characteristics as a juvenile, including his age (17 years and 9 months), his demonstrated understanding of how to invoke the right to counsel at the juvenile detention

5

facility, his multiple experiences with the criminal justice system, his level of high school education, and the absence of evidence showing he may be of low intelligence. The Court of Appeal reasonably concluded that Maldonado's characteristics supported its determination that his confession complied with *Miranda*.

Appellant contends that *Michael C.* instructs that Maldonado's request to see his mother should be viewed as an invocation of his right to remain silent. We conclude, however, that the California Court of Appeal made an objectively reasonable determination that Maldonado's request to see his mother was not an invocation of his right to remain silent. Maldonado demonstrated his knowledge and understanding of his right to counsel at the juvenile detention facility when he specifically asked for an attorney. A reasonable reading of the record supports the finding that Maldonado wanted to see his mother because he missed her, not because he wanted to invoke his right to counsel or to remain silent.[1]

Fairminded jurists could reasonably find that Maldonado made a knowing, intelligent, and voluntary waiver of his *Miranda* rights based on the totality of the circumstances.

---

[1]    Unlike Maldonado's father, who had been able to visit him at the juvenile detention facility, his mother had not visited because she lacked the identification that the facility required of visitors.

6

Maldonado asks this court to expand the COA to consider whether the determination that he reinitiated contact about the shooting was both objectively unreasonable and an unreasonable determination of the facts. The required showing to expand a COA is that "[a] habeas petitioner's assertion of a claim must make a 'substantial showing of the denial of a constitutional right.'" *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting 28 U.S.C. § 2253(c)(2)). In order to make this showing, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (alteration in original, internal quotation marks omitted).

The district court denied Maldonado's request for a COA on this issue. The uncertified issue arises from Maldonado's first ground for habeas relief, which reads: "Petitioner invoked his right to counsel under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), and did not reinitiate contact with the police." The district court specifically denied Maldonado a COA on that ground, finding:

> petitioner has not demonstrated that the denial of Grounds One, Two, Four and Five is a decision on which reasonable jurists could debate. *See Miller-El*, 537 U.S. at 336, 123 S. Ct. at 1039. Nor is the decision one that could have been resolved in a different manner or one where the issues presented are adequate to proceed further. *See id.*

7

The uncontradicted evidence in this case is that Maldonado voluntarily initiated the conversation that led to the second admonition of rights and subsequent confession.  Accordingly, we agree with the district court's determination that the COA should not include Maldonado's uncertified issue.  Therefore, we decline to expand the COA.

In sum, we AFFIRM the district court's dismissal of Maldonado's 28 U.S.C. § 2254 petition for writ of habeas corpus and decline to expand the certificate of appealability.

**AFFIRMED.**