Nathan D. WHEATON, Petitioner—
Appellant,

v.

Ernest C. ROE, Warden, Respondent—
Appellee.

No. 03–55508.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided April 21, 2004.

Stephen M. Lathrop, Esq., Lathrop & Villa, Torrance, CA, for Petitioner–Appellant.

Nathan D. Wheaton, Tehachapi, CA, pro se.

Carol Wendelin Pollack, DAG, Donald E. Nicola, AAG, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: MAGILL,* TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nathan D. Wheaton appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Wheaton was convicted of second degree murder and assault with a firearm in California state court. He was sentenced to twenty-years-to-life for the second degree murder conviction, with an additional sentence of three years for the assault conviction. On appeal, Wheaton asserts that his due process rights were violated by the state prosecutor's failure to disclose the identities and addresses of those persons (beyond the prosecution's testifying witnesses) who were present at the scene of the murder and interviewed by police. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We review de novo a district court's decision to grant or deny a state prisoner's petition for a writ of habeas corpus, pursu-

---

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting on designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ant to 28 U.S.C. § 2254. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000). Federal habeas corpus relief on a claim adjudicated on the merits by a state court is barred unless the state court decision either "(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Wheaton asserts that the California Court of Appeal's holding, that the prosecution was not required to release to the defense the identities of non-testifying witnesses, who had been interviewed by police after the murder, constitutes an unreasonable application of the requirements of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Wheaton asserts that if the identities had been disclosed, the defense could have determined if those witnesses had exculpatory or impeaching evidence.

In *Brady,* the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. In *Strickler v. Greene,* the Supreme Court identified the components of a *Brady* violation: "the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

Here, Wheaton cannot show that the prosecution possessed any material, exculpatory evidence. *See Brady,* 527 U.S. at 281–82. As the California Court of Appeal stressed, Wheaton does not explain what evidence would have been obtained by disclosure of the witnesses' names. Indeed, Wheaton's claim about the potential use of the witnesses' identities is speculative, and he admits that such information is merely *potentially* exculpatory. *Brady* held that the prosecution is required to provide only exculpatory, material evidence. Wheaton cannot establish that there "exists a 'reasonable probability' that had the evidence been disclosed the result at trial would have been different." *Wood v. Bartholomew,* 516 U.S. 1, 5, 116 S.Ct. 7, 133 L.Ed.2d 1 (1995) (quoting *Kyles v. Whitley,* 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).

Because Wheaton cannot show that the prosecution possessed any material, exculpatory evidence as required by *Brady,* the California Court of Appeal's decision was not an unreasonable application of clearly established federal law. Accordingly, the district court's dismissal of Wheaton's petition for habeas corpus relief is hereby **AFFIRMED.**