Marcus L. HARRISON, Petitioner—
Appellant,

v.

Joe McGRATH, Associate Warden,
Respondent—Appellee.

No. 02–15905.

D.C. No. CV–00–02134–SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided May 18, 2004.

Marcus L. Harrison, Crescent City, CA, pro se.

George C. Boisseau, Esq., Santa Rosa, CA, for Petitioner–Appellant.

John R. Vance, Jr., Special AUSA, Stan M. Helfman, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before NOONAN, PAEZ, Circuit Judges, and SELNA, District Judge.[*]

MEMORANDUM [**]

Marcus Harrison, a state prisoner serving a life sentence, appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Harrison contends that his due process right to a fair trial was violated because there was insufficient evidence to support the conviction under California Penal Code §§ 664/187, 189 for premeditated and deliberate attempted murder. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

[*] The Honorable James V. Selna, District Judge for the Central District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because the parties are familiar with the facts, we discuss them only insofar as necessary to reach our decision. Harrison's petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996) ("AEDPA"). Although our review of the district court's decision to deny Harrison's petition for writ of habeas corpus is *de novo*, *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir.2000), under AEDPA a petition:

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "The highest state court to have discussed these claims ... was the California Court of Appeal, so we consider its determination." *Greene v. Henry*, 302 F.3d 1067, 1070–71 (9th Cir. 2002).

The California Court of Appeal's conclusion that substantial evidence supported the finding of intent to kill was neither contrary to nor an unreasonable application of federal law. The standard under California law for whether substantial evidence supports a conviction is identical to that established by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *People v. Johnson*, 26 Cal.3d 557, 575–76, 162 Cal.Rptr. 431, 606 P.2d 738 (Cal.1980). Under California law, "pre-meditation" and "deliberation" must be construed to require "more reflection than may be involved in the mere formation of a specific intent to kill." *Id.* In reviewing findings of premeditated and deliberate murder, the courts look to evidence of (1) planning activity, (2) motive, and (3) facts "from which the jury could infer that the manner of killing was so particular and exacting that the defendant must have had ... a preconceived design." *People v. Anderson*, 70 Cal.2d 15, 27, 73 Cal.Rptr. 550, 447 P.2d 942 (1968).

Viewed in the light most favorable to the prosecution, as required by *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781, the evidence against Harrison established: The stabbing did not occur during the actual heat of argument, but only after the argument had apparently ended, and the victim, Judith Namoki, had left the room to comfort her children. Harrison did not use a weapon readily at hand, but, instead, went into the kitchen, opened a drawer and selected a knife. Just prior to the initial attack, Harrison was overheard to say, "It's going down." He then proceeded onto the porch, where the victim was facing away from him, and stabbed her repeatedly. Approximately one minute and a half after his friend had pulled him from Namoki, Harrison returned to the porch to resume the attack. Finally, around the time of the two attacks, he disabled the telephone by pulling from the wall, presumably in an attempt to prevent assistance from being summoned. Furthermore, a reasonable trier of fact could infer that the stab wounds to the victim were not randomly placed because they were directed to the head, neck or shoulders and at least three wounds were life threatening.

In light of our limited review under AEDPA, we cannot say that the state court of appeal's conclusion that this evi-

dence was sufficient to permit a rational trier of fact to find intent to kill beyond a reasonable doubt involved an unreasonable application of the *Jackson* standard.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.